Archibald O. Wemple, J.
This motion relates to a summary proceeding brought by the petitioner to evict the defendants for nonpayment of rent. The original petition dated June 6, 1960 alleged the rental agreement, the default in payment and the holdover and possession by the tenants after default. Defendants likewise defaulted in appearing on the return date of the petition and precept. Nevertheless, due to the illness of the *990 defendant, Anthony Altieri, petitioner’s attorney held the order and warrant in abeyance until July 12, 1960. At an informal conference held between the petitioner’s attorney and defendants’ attorney on September 9, 1.960, the defendants paid into court the sum of $330, an amount agreed upon as the rent due with costs to date. Thereupon the court on its own motion stayed the warrant of eviction pending the argument of this motion.
This motion to open the default is based upon the contention that the notice to pay or surrender was defective and that therefore this court is without jurisdiction to issue the order and warrant of eviction. Defendánts’ attorney argued that the three-day notice given, pursuant to section 1410 of the Civil Practice Act was served upon one defendant only and was therefore insufficient. Petitioner’s counsel has filed wdth the court an affidavit of one Charles E. Zeiser showing service of a notice on mart altieri on May 23, 1960. Basically then, the question is was this notice served on the wife a sufficient notice to both defendants Anthony Altieri and Mary F. Altieri. Defendants’ attorney made a general appearance and challenges the petition solely on the question of notice.
This court feels that there is some oneness in the family unit. It must follow that service upon the wife is sufficient notification to both spouses of the fact of default and the demand for payment of rent or possession of premises. It appears quite clear that the defendant, Anthony Altieri, was aware of the proceeding to evict him, for in his affidavit dated September 14, 1960, although he denies receipt of the notice or the personal demand, he admits his arrearage in rent for the months of May and June, 1960 and further admits receipt of the petition and precept herein, and further declares that sometime around the middle of June, in company of others, he went to the office of the petitioner’s attorney to request time for payment of the rent. These admitted facts proclaim in unmistakable language a familiarity by the defendant, Anthony Altieri, of his rent default and of his acknowledged offer to pay the back rent. Notice could not serve to acquaint him better with a fact already known to him. Furthermore, the general appearance of counsel cures any such defect.
In any event, if the notice were good as to defendant Mary Altieri, it would be a useless procedure to evict the wife without evicting the husband. It can be presumed that the notice to the wife was communicated to the husband unless the contrary is shown. The notice itself was addressed to. both Anthony and Mary Altieri and was delivered to the wife. Apparently this *991 was delivered to her for herself and her husband to officially inform them of the default and the warning of the eviction proceeding to follow. The notice was sufficient and effective to justify this proceeding. The stay of the warrant is continued until noon, October 31, 1960 upon condition that the defendants pay the rent and all charged-for utilities which become due and payable on October 1, 1960 on the due date of said rental payment. This stay is granted in the interests of justice and upon motion of the court.